**ELDORADO DRIVE, a Nevada corporation, d/b/a Pure Pleasure Book and Video, Plaintiff,**

v.

**CITY OF MESQUITE, a municipal corporation; Bill Lee, Mayor, James Owen, Councilman; Ken Carter, City Councilman; James Andruss, City Councilman; Kurt Sawyer; Does I—X; Dina Hoff, Dave Anderson, M. DeLos Perkins, Nick Bartlett, Junior Dalton, and Mrs. Thomas Price, Defendants.**

No. CV–S–93–907–PMP (LRL).

United States District Court,
D. Nevada.

Sept. 7, 1994.

Roger Jon Diamond, Santa Monica, CA, Neil J. Beller, Las Vegas, NV, for plaintiff.

Deborah J. Fox, Freilich, Kaufman, Fox & Sohagi, Los Angeles, CA, Tony Terry, Las Vegas, NV, for City of Mesquite, Lee, Owen, Carter, Andruss & Sawyer.

William H. Stoddard, G. Mark Albright, Albright, Stoddard, Warnick & Albright, Las Vegas, NV, for Hoff, Anderson, Perkins, Bartlett, Dalton & Price.

## ORDER

PRO, District Judge.

Before the Court is a Motion for Partial Summary Judgment (# 94) filed by Defendants Bill Lee ("Lee"), James Owen ("Owen"), Ken Carter ("Carter"), James Andruss ("Andruss"), and Kurt Sawyer ("Sawyer"), on July 5, 1994 (hereinafter collectively referred to as the "individual City Defendants"). On that same date, the individual City Defendants also filed a Separate Statement of Undisputed Facts (# 95). Plaintiff Eldorado Drive ("Eldorado") filed an Opposition (# 96) and a First Statement of Disputed Facts (# 97) on July 14, 1994. The individual City Defendants filed a Reply (# 98) and Objections to the Affidavit of Gary Enea (# 99) on August 4, 1994.

### I. *STATEMENT OF FACTS*

Plaintiff Eldorado is a Nevada corporation which operates business in Mesquite, Nevada, and which offers various sexually oriented materials for sale. Eldorado filed a Second Supplemental Complaint (# 55) on January 6, 1994, which, among other things, challenges the constitutionality of Ordinance No. 103 ("the Ordinance"), Mesquite's adult business zoning and licensing scheme, on various grounds. The Complaint seeks both declaratory and injunctive relief against the City and the individual City Defendants. Moreover, Eldorado's Third, Fourth, Fifth, and Thirteenth Causes of Action, seek damages from the individual City Defendants for their actions with regard to the construction of Eldorado's establishment and in connection with the enactment of the Ordinance.

The individual City Defendants have filed the instant Motion arguing that summary judgment in their favor on the aforementioned claims is appropriate because they are immune from liability for their actions taken with regard both the enactment of the Ordinance and the construction of Eldorado's business.

## II. *DISCUSSION*

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.,* 693 F.2d 870, 883 (9th Cir.1982). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *California Arch. Bldg. Prod. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 108 S.Ct. 699, 98 L.Ed.2d 650 (1988).

If the party seeking summary judgment meets this burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270 (9th Cir. 1979). Parties seeking to defeat summary judgment cannot stand on their pleadings once the movant has submitted affidavits or

other similar materials. Affidavits that do not affirmatively demonstrate personal knowledge are insufficient. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Likewise, "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment." *Id.*

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.,* 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones,* 677 F.2d 1289, 1293 (9th Cir.1982).

All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor,* 677 F.2d 1297, 1298 (9th Cir.1982).

The trilogy of Supreme Court cases cited above establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.,* 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). *See also Avia Group Int'l, Inc. v. L.A. Gear Cal.,* 853 F.2d 1557, 1560 (Fed.Cir.1988).

### B. Effect of Ongoing Discovery

Initially, the Court finds it necessary to address a matter that has arisen from consideration of this Motion. Throughout its Opposition, Eldorado asserts that the instant Motion is premature because discovery is ongoing and because it has not yet had the opportunity to depose the individual City Defendants. Under Rule 56(f), it is possible for this Court to refuse to grant a party's motion

for summary judgment on the ground that the opposing party may require additional time to conduct further discovery. Fed. R.Civ.P. 56(f); *Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1416 (9th Cir.1987). Here, however, Eldorado has not formally moved for a continuance based upon the need for further discovery, and "informal ... requests to the court for more time to conduct discovery [fall] short of compliance with Rule 56." *Beneficial Standard Life Ins. Co. v. Madariaga,* 851 F.2d 271, 277 (9th Cir.1988).

■ Furthermore, Eldorado has not explained its delay in seeking the depositions of the individual City Defendants. A Rule 56(f) motion is not justified if the party seeking further discovery has been dilatory in conducting discovery. *See Landmark Dev. Corp. v. Chambers Corp.,* 752 F.2d 369, 372–73 (9th Cir.1985). Plaintiffs' initial Complaint was filed with the Court on September 16, 1993, while the instant Motion for Summary Judgment was not filed until July 5, 1994. Thus, Eldorado had nearly a year to conduct discovery before Defendants moved for summary judgment. In this particular case, the Court finds that a year is more than enough time in which to discover evidence. *See Brae Trans., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986) (a party cannot complain if it fails to pursue discovery diligently before summary judgment); *see also Beneficial Standard,* 851 F.2d at 277 (summary judgment affirmed where there were more than six months between the initial appearance and summary judgment). Therefore, the Court will consider the individual City Defendants' Motion on the merits.

### C. Liability for Acts Related to the Enactment of the Ordinance.

■ The individual City Defendants argue that Eldorado's Fourth and Fifth Causes of Action can be construed to seek damages for the enactment of specific provisions of the Ordinance which Eldorado finds objectionable, and that the Thirteenth Cause of Action can be read to request damages for the enactment of zoning amendments to which Eldorado also objects. They argue that to the extent Eldorado seeks damages for such acts, the individual City Defendants are absolutely immune.

"The absolute immunity of legislators, in their legislative functions, ... now is well settled." *Trevino By and Through Cruz v. Gates,* 23 F.3d 1480, 1482 (9th Cir.1994) (citations omitted). "Absolute immunity protects the legislative process by shielding lawmakers from civil liability based on their legislative role which necessarily involves the balancing of social needs and rights of different groups." *Id.* (citations omitted). "This absolute immunity extends to local legislators." *Id.* (citing *Kuzinich v. County of Santa Clara,* 689 F.2d 1345, 1349 (9th Cir.1982)).

■ This immunity, however, only extends to acts by legislators which are "legislative in nature." *Cinevision Corp. v. City of Burbank,* 745 F.2d 560, 580 (9th Cir.1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2115, 85 L.Ed.2d 480 (1985). "Acts that are administrative or executive in nature receive less than absolute protection." *Trevino,* 23 F.3d at 1482 (citation omitted). Those seeking to invoke absolute legislative immunity bear the burden of demonstrating the "such immunity is justified for the governmental function at issue." *Id.*

In making the determination whether an act is legislative in nature, some courts distinguish between whether the act involves the formulation of policy, or is the type of "ad hoc decisionmaking engaged in by an executive." Other courts differentiate between executive and legislative acts by examining the scope of the act in question: "[A]n act which applies generally to the community is a legislative one, while an act directed at one or few individuals is an executive one."

*Id.* (citations omitted).

Applying these considerations, the Court finds that the individual City Defendants' actions with regard to the enactment of the Ordinance are of the type that involve the formulation of policy for the entire city of Mesquite. Application of the Ordinance will not occur on a case-by-case basis. Rather, it applies generally to the community and reflects and effort by these legislators to "balanc[e] social needs against constitutional

rights." *Kuzinich,* 689 F.2d at 1350. Accordingly, Defendant Lee, as the former Mayor of Mesquite, and Defendants Carter, Owen, and Andruss, as City Council members, are entitled to absolute legislative immunity for their actions related to the enactment of the Ordinance.

Eldorado's only response in opposition on this issue is that whether legislative immunity exists depends upon a factual determination, and that in voting on the Ordinance, "the elected officials of the City of Mesquite were not enacting a zoning ordinance, [but] were voting on a method of restricting Plaintiff's business because of its nature and limiting its ability to operate successfully." Plaintiff's Opposition (# 96), at 7. Because Eldorado has failed to come forward with any evidence supporting this contention, however, and "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment," *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979), Eldorado's argument is unpersuasive.

Therefore, to the extent Eldorado's Third, Fourth, Fifth, and Thirteenth Causes of Action seek to impose liability upon Defendants Lee, Carter, Owen, and Andruss for their acts related to the enactment of the Ordinance No. 103, these Defendants are entitled to absolute legislative immunity for said actions and their Motion for Summary Judgment will be granted.

**D. Liability for Other Acts**

The individual City Defendants acknowledge that Eldorado complains of a number of acts which fall outside the scope of legislative immunity because they are not legislative in nature. These acts are: 1) the alleged bad faith delay in issuing building permits for remodeling of Eldorado's business property; 2) refusal to issue building permits after the enactment of the Ordinance; 3) alleged failure to prevent harassment of Eldorado and its customers; and 4) alleged failure to enforce zoning ordinances against protestors. The individual City Defendants argue that they are entitled to summary judgment on these claims by virtue of their qualified immunity.

■ The doctrine of qualified immunity insulates government officials who perform discretionary functions from civil liability "when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lindsey v. Shalmy,* 29 F.3d 1382, 1384 (9th Cir.1994) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The question is "whether a reasonable [official] in [that official's] position could have believed, in light of clearly established legal principles, that his conduct was lawful." *Act Up!/Portland v. Bagley,* 988 F.2d 868, 873 (9th Cir.1993). Furthermore, whether a defendant is entitled to qualified immunity is a question of law, to be decided by the court. *Id.*

1. *Alleged bad faith delay in issuing building permits for remodeling of Eldorado's business property.*

■ Eldorado alleges that in October 1993, its contractor submitted detailed plans and drawings to Defendant Sawyer, Mesquite's City Building Official, for the construction of a video arcade and stage within the already approved premises of Eldorado's business. Eldorado claims that Sawyer informed Plaintiff's agents that the plans would be submitted to an engineering firm for review, a process that would take approximately ten days. Thereafter, on or about October 15, 1993, Sawyer generated a letter to Eldorado's contractor detailing deficiencies or requirements in the submitted plans, including deficiencies in the already approved existing structure. Eldorado alleges that Sawyer intentionally had the plans reviewed as new construction for the purposes of delaying construction and opening of the remodeled business. Eldorado contends that the delay occurred with the intent to prevent Eldorado from complying with building department requirements before the passage of the Ordinance. Thus, the issue becomes whether Sawyer is entitled to qualified immunity for

his actions with regard to the delay in the issuance of Eldorado's building permits.[1]

The threshold question in assessing Sawyer's qualified immunity is whether Eldorado had a "clearly established right" to the building permits at issue. This is so because if Eldorado did not have such a clearly established right to the permits at the time these delays occurred, then Sawyer would be entitled to qualified immunity because it would have been objectively reasonable for him to believe his actions were lawful. *See Natale v. Town of Ridgefield*, 927 F.2d 101, 105 (2nd Cir.1991). For the following reasons, the Court finds that Eldorado did not have such a clearly established right, and Sawyer therefore is entitled to qualified immunity.

It is clear that Eldorado's building had to comply with Mesquite's building code despite that fact that Plaintiff intended to use its building for First Amendment activities. Contrary to Eldorado's unsupported assertions, Sawyer has put forth evidence which demonstrates that he had a reasonable belief that Eldorado's building did not satisfy applicable building code regulations at the time he "red-tagged" the building and barred further construction. Sawyer's Affidavit indicates that at the dispute over the construction of the building arose, he believed that the construction of the video arcade booths in Eldorado's building changed the occupancy classification of the building from "B–occupancy" (retail commercial) to "A-occupancy" (place of assembly), and that, as a result, new building plans would have to be approved if the video arcades were added. *See* Affidavit of Kurt Sawyer, attached to Defendants' Motion for Partial Summary Judgment (# 94), at 2–3. It was also reasonable for Sawyer to believe that this change in occupancy required that changes be made to the plans for the building that were originally approved.

Furthermore, Eldorado has failed to put forth any admissible evidence that it was

Sawyer's intent to deprive it of any First Amendment rights. "Mere conclusory assertions of discriminatory intent, embodied in affidavits or deposition testimony, cannot be sufficient to avert summary judgment." *Lindsey v. Shalmy*, 29 F.3d at 1385.

Accordingly, because the Court finds there was sufficient justification for Sawyer to believe that Eldorado's building should be "red-tagged" and new plans submitted for review, it was objectively reasonable for him to believe that his actions would not deny Eldorado any constitutionally protected rights. Sawyer is therefore entitled to qualified immunity for Eldorado's claims based upon these actions.

### 2. *Denial of building permits after the effective date of the Ordinance.*

On November 9, 1993, Mesquite's Ordinance regulating adult businesses went into effect. At that time, Eldorado's resubmitted plans to remodel its business had still not been approved. Thereafter, Eldorado was informed that permits for the remodelling of Eldorado's business could not be issued because the newly-enacted Ordinance prohibits the establishment of multiple adult businesses on the premises. Thus, because the reason for the denying the permits changed after the Ordinance went into effect, this Court must examine whether denial the permits based upon the Ordinance's prohibition was reasonable.[2]

Mesquite's articulated basis for denying the remodelling permits at that time was that the new Ordinance prohibited the establishment of multiple adult businesses on any single premises. Section 5(4) of the Ordinance does in fact contain such a prohibition. The question of whether such prohibitions are constitutional has yet to be answered in this Circuit. Such a prohibition has, however, been upheld in the Fourth Circuit. *See Hart Book Stores, Inc. v. Edmisten*, 612 F.2d

---

1. This Court need not address whether the other individual City Defendants are entitled to qualified immunity for the delay in issuing the building permits because Eldorado has failed to demonstrate that anyone other than Defendant Sawyer was responsible for these actions.

2. Here again, the Court need not address whether the other individual City Defendants are entitled to qualified immunity for a denial the permits based upon the Ordinance because Eldorado has failed to demonstrate that anyone other than Defendant Sawyer was responsible for these actions.

821, 826 (4th Cir.1979), *cert. denied,* 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980).

The absence of precedent in this Circuit, coupled with a finding by at least one Federal Circuit that such prohibitions are constitutional, leads this Court to conclude that it is not "clearly established" that a city may not bar more than one type of adult use in a single given building. Accordingly, the Court finds that Sawyer is entitled to qualified immunity for his actions in denying the permits after the enactment of the Ordinance because it was reasonable for Sawyer, relying upon the opinion of Mesquite's City Attorney, to conclude that the permits for remodelling of Eldorado's business should not be issued because to do so would violate the Ordinance.

3. *Defendants alleged failure to prevent harassment of Eldorado and its customers and failure to enforce zoning ordinances against protestors.*

The individual City Defendants seek qualified immunity for Eldorado's allegations that there was a failure to prevent harassment of it customers by protestors and a failure to enforce zoning ordinances against protestors. The Court need not reach this issue, however, because there are no factual allegations nor evidentiary support which indicates that any of the named individual City Defendants were responsible for these actions. Thus, as there appears to be no basis for imposing liability upon any of the individual City Defendants for these acts, summary judgment in their favor will be granted.

IT IS THEREFORE ORDERED THAT the Motion for Partial Summary Judgment (# 94) filed by Defendants Bill Lee, James Owen, Ken Carter, James Andruss, and Kurt Sawyer, is Granted.